*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADVANCE STEEL CORPORATION,
ALEXANDER L. STEWART, and ROBERT A.
STEWART,

      Plaintiffs-Appellees,

UNPUBLISHED
January 12, 2023

v

THEODORE JOHN ELIA,

      Defendant-Appellee,

No. 357687
Oakland Circuit Court
LC No. 2015-145471-CK

and

COMERICA BANK,

      Appellant.

AFTER REMAND

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

In a previous opinion, we determined that the trial court erred by entering a stipulated order regarding disbursement of the interpleaded funds in violation of Comerica's right to due process, and remanded to the trial court to adjudicate Comerica's and Advance's competing claims to the settlement funds under the appropriate court rules in the first instance. *Advance Steel Corp v Elia*, unpublished per curiam opinion of the Court of Appeals, entered July 21, 2022 (Docket No. 357687); slip op at 1.

Upon remand, Comerica moved for the proper adjudication of the competing claims, arguing that its claim for garnishment of the assets of defendant Theodore John Elia is superior to Advance's claim because Comerica's garnishment was served on the garnishee Lieff Cabraser Heimann & Bernstein, LLP (LCHB) before the trial court entered an order declaring Advance was the sole judgment creditor of the $401,000 held by LCHB for Elia. Advance moved for stay and

-1-

to adjourn the hearing on Comerica's motion because it was filed before the statutory period to apply for leave to appeal in the Michigan Supreme Court expired, and filed its application on August 23, 2022. The next day, a short hearing was held, and the trial court denied Advance's motion for stay and ordered Advance to file a response to Comerica's motion to decide the issue on the merits. On August 26, 2022, the trial court entered an order declaring that Comerica's writ of garnishment was proper and had priority over the trial court's order declaring Advance as the sole judgment creditor, and ordering the amount to be paid to Comerica within 28 days. This Court held this matter in abeyance pending resolution of Advance's application for leave to appeal in the Supreme Court, *Advance Steel Corp v Elia*, unpublished order of the Court of Appeals, entered October 24, 2022 (Docket No. 357687), which the Supreme Court denied on November 30, 2022, *Advance Steel Corp v Elia*, ___ Mich ___ (2022) (Docket No. 164721).

We now review the trial court's adjudication of Advance's and Comerica's competing claims for disbursement of Elia's settlement proceeds. The interpretation of statutes, court rules, and legal doctrines is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

The trial court found that after Elia received a settlement from a lawsuit in Florida, Comerica obtained a garnishment on May 18, 2020, and served the garnishment on LCHB on May 27, 2020. Advance moved to obtain a garnishment on May 20, 2020, and the order declaring Advance the sole judgment creditor was entered on May 29, 2020. The trial court ruled that LCHB was properly served with notice of Comerica's garnishment on May 27, 2020, LCHB was subject to the jurisdiction of the trial court because it was conducting business with Elia within this state, and although not addressed by the parties, the funds were subject to garnishment by a Michigan court because although they were held out of state by LCHB, they were owned by Elia. Thus, because Comerica's garnishment was served before the May 29, 2020 order was entered, Comerica had priority.[1]

The trial court properly determined that Comerica's writ of garnishment was superior to the May 29, 2020 order. MCR 3.101(L)(2) contemplates the existence of competing claims to property subject to one or more garnishments. With respect to periodic garnishments, MCL 600.4012(2) dictates that "garnishments have priority in the order in which they are received," but there is no similar provision in MCL 600.4011, the statute governing nonperiodic garnishments like those at issue here. Nonetheless, we may infer that the same priority scheme was intended.

MCR 3.101(G)(1)(a) provides:

> (1) Subject to the provisions of the garnishment statute and any setoff permitted by law or these rules, the garnishee is liable for
>
> (a) all tangible or intangible property belonging to the defendant in the garnishee's possession or control *when the writ is served on the garnishee*, unless

---

[1] The trial court declined to address Comerica's request for sanctions against Advance Steel and Elia or Advance's argument that the debt owed to Comerica was discharged in bankruptcy proceedings in California because these issues were outside the scope of the remand.

the property is represented by a negotiable document of title held by a bona fide purchaser for value other than the defendant; . . . . [Emphasis added.]

The language "when the writ is served on the garnishee" is repeated throughout this subsection, see MCL 3.101(G)(1)(b), (c), (d), (g), (h), emphasizing the importance of that point in time as the time to assess the extent of the garnishee's liability under the garnishment. If more than one garnishment is entered against the same property, the property in the garnishee's possession or control at the time the later-served garnishment is received would already be encumbered by the earlier-served garnishment. This "first in time" priority rule is consistent with the statutory rule for periodic garnishments, MCL 600.4012(2), as well as other priority rules applied in this state. See, e.g., *Farmland Capital Solutions, LLC v Mich Valley Irrigation Co*, 335 Mich App 370, 379; 966 NW2d 709 (2021) (recognizing that first secured creditor to perfect security interest generally has priority over later perfected security interests); *In re Receivership of 11910 South Francis Rd (Price v Kosmalski)*, 492 Mich 208, 225 n 38; 821 NW2d 503 (2012) (describing priority of recorded mortgage loan over subsequently recorded liens, subject to statutory exceptions).

Advance obtained a writ of garnishment against the Florida court on April 27, 2020. It is unclear when the writ was served, but, in any event, LCHB was not the named garnishee. Comerica then obtained a writ of garnishment against LCHB on May 18, 2020, and served the writ on LCHB on May 27, 2020. Two days later, the trial court entered its "order garnishing funds" and declaring Advance the sole judgment creditor entitled to the settlement proceeds. Because Comerica had already served its writ before the trial court entered the May 29, 2020 garnishing order and before Advance served said order upon LCHB, Comerica had a superior claim to the settlement proceeds. Therefore, the August 26, 2022 trial court order on remand properly declared Comerica's priority and properly ordered Advance Steel to pay Comerica the amount of the writ.

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood

-3-